I concur in the conclusion of Judge Wise that this action, as to sentencing, must be reversed because the trial court's judgment entry applied felony sentencing guidelines when imposing sentence on misdemeanors. Upon resentencing the trial court should be guided by R. C. Section 2929.22.
I also concur that the trial court may consider the statement made by Kristin McManes.
I also generally concur with the opinion of Judge Wise regarding the issue of how to correctly impose a fine and imprisonment in a misdemeanor case. I address this issue only to provide direction to the trial court on remand.
In State v. Plant (March 24, 2000), Ashland App. No. 99-COA-1323 I wrote, in the majority opinion, that ". . . nothing in R.C. 2929.22(E) requires a trial court to state its reasons or enter its findings for imposing both a fine and imprisonment on the record." I further wrote that ". . . R.C. 2929.22(F) does not require a trial court to conduct a hearing regarding a defendant's ability to pay a fine, but rather merely requires a trial court to consider the same." At this point in time, I wish to reconsider my opinion in State v. Plant in regard to R.C.2929.22(E),[2] and the position I take is generally in agreement with Judge Wise's position. I would find that if the record of the proceedings in the trial court demonstrates that the trial court considered the criteria in R.C. 2929.22(E) and (F), that would be sufficient compliance. Even though I make this statement, I decline to analyze the record in this case to determine if it is sufficient to show the trial court considered the R.C. 2929.22(E) and (F) factors. I find such analysis to be premature. This case is being remanded for resentencing under 2929.22(E). If and when an appeal arises as to that sentence, the analysis will be timely.
[2] Judge Wise joined in the majority opinion in State v. Plant.